IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | No. 21 CR 636 |
| v. | ) | Honorable Sara L. Ellis |
| | ) | |
| HECTOR CHACON, | ) | |
|     Defendant. | ) | |

**DEFENDANT'S AMENDED PROPOSED JURY INSTRUCTIONS**

NOW COMES, the Defendant, HECTOR CHACON, by and through his attorneys, BLAIRE C. DALTON and QUINN A. MICHAELIS, and respectfully submits the following amended proposed jury instructions. Mr. Chacon reserves the right to supplement these jury instructions as may become necessary dur to trial evidence and court rulings.

Respectfully submitted,

/sBlaire C. Dalton

/sQuinn Michaelis

Blaire C. Dalton
DALTON LAW, LLC
53 W. Jackson Blvd., Suite 1523
Chicago, IL 60604
(847) 373-4750

Quinn A. Michaelis
Attorney At Law
73 West Monroe Street, Suite 106
Chicago, IL 60603
(312) 714-6920

1

2

A person "engaged in the business" of firearms dealing is one who devotes time, attention, and labor to dealing in firearms as a regular course of trade or business to predominantly earn a profit through the repetitive purchase and resale of firearms.

A person who makes occasional sales, exchanges, or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of his personal collection of firearms, is not a firearms dealer.

DEFENDANT'S INSTRUCTION No. 1
18 U.S.C. § 921(a)(21)(C).

"Willfully" requires knowledge of the law, and refers to a voluntary intentional violation of a known legal duty.

DEFENDANT'S INSTRUCTION No. 2

*United States v. Obiechie,* 38 F.3d 309, 315 (7th Cir.1994)
*United States v. Rietzke*, 279 F.3d 541 (7th Cir. 2002)
*Cheek v. United States*, 498 U.S. 192, 201 (1991)
*Ratzlaf v. United States,* 510 U.S. 135 (1994)

A person who knowingly aids the commission of an offense may be found guilty of that offense if he willfully participated in the criminal activity and tried to make it succeed.

In order for you to find the defendant guilty of Count One on this basis, the government must prove each of the following elements beyond a reasonable doubt:

1. The crime of unlawful dealing in firearms without a license was committed, as set forth on page _____ of these instructions.

2. The defendant participated in the criminal activity and tried to make it succeed.

3. The defendant did so willfully.

DEFENDANT'S INSTRUCTION No. 3
Seventh Circuit Pattern Jury Instruction (2023 Ed.) 5.06 (modified)
U.S. v. Arambasich, 597 F.2d 609 (7th Cir., 1979)
U.S. v. Barclay, 560 F.2d 812 (7th Cir., 1977)
See also gov. supp. MIL p. 18-19: "the state of mind required for conviction as an aider and abettor is the same state of mind required for the principal offense."
United States v. Clark, 140 F.4th 395, 412 (7th Cir. 2025)(citing Rosemond v. United States, 134 S.Ct. 1240, 1245 (2014)).

If a defendant performed acts that advanced the crime but had no knowledge that the crime was being committed or was about to be committed, those acts are not sufficient by themselves to establish the defendant's guilt.

A defendant's association with persons involved in a crime is not sufficient by itself to prove his participation in the crime.

DEFENDANT'S INSTRUCTION No. 4
Seventh Circuit Pattern Jury Instruction (2023 Ed.) 5.07 (modified)

You have heard evidence that the defendant committed acts other than the ones charged in the indictment. Before using this evidence, you must decide whether it is more likely than not that the defendant took the actions that are not charged in the indictment. If you decide that he did, then you may consider that evidence to help you decide [describe with particularity the purpose for which other act evidence was admitted, e.g. the defendant's intent to distribute narcotics, absence of mistake in dealing with the alleged victim, etc.]. You may not consider this evidence for any other purpose. To be more specific, you may not use the evidence to conclude that, because the defendant committed an act in the past, he is more likely to have committed the crimes charged in the indictment. The reason is that the defendant is not on trial for these other acts. Rather, he is only on trial for unlawfully dealing in firearms without a license as alleged in the indictment. The government has the burden to prove beyond a reasonable doubt the elements of the crime[s] charged in the indictment. This burden cannot be met with an inference that the defendant is a person whose past acts suggest bad character or a willingness or tendency to commit crimes.

DEFENDANT'S INSTRUCTION No. 5
Seventh Circuit Pattern Jury Instruction (2023 Ed.) 3.11 (modified)

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2025 I electronically filed the above

**DEFENDANT'S AMENDED PROPOSED JURY INSTRUCTIONS**

with the Clerk of Court using the CM/ECF system to all listed parties in the case.

Respectfully Submitted on October 9, 2025.

By His Attorney,
s/ Quinn A. Michaelis
Quinn A. Michaelis
An Attorney For Hector Chacon
73 W. Monroe
Chicago, Illinois 60601
312-714-6920